35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred Martin BAXTER, Jr., Plaintiff-Appellant,
v.
John REED, Defendant-Appellee.
 No. 93-5248.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Alfred Martin Baxter, Jr., brought this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging that the defendant, John Reed, a Louisville, Kentucky, police officer, violated the plaintiff's Fourth and Fourteenth Amendment rights. The district court held that the plaintiff's action was barred by the statute of limitations, and dismissed the complaint. The sole question presented on appeal is when the plaintiff's cause of action accrued.
 
 
 2
 The plaintiff's claim arises out of the defendant's affidavit used to procure a search warrant. In the affidavit, the defendant swore that he had obtained information from a confidential source, experienced in the drug culture, that the plaintiff was involved in drug trafficking. In fact, the information had been provided by an anonymous telephone caller. A state judge issued a search warrant based on the affidavit, and the ensuing search resulted in the seizure of illegal drugs and a number of weapons at the plaintiff's residence.
 
 
 3
 Following his indictment on federal drug charges, the plaintiff moved to suppress evidence. At the suppression hearing, the plaintiff learned, for the first time, that the defendant's affidavit had misrepresented the source of the defendant's information. Although suppression was denied and the defendant convicted of drug trafficking, this court ultimately set aside the plaintiff's conviction, and the district court dismissed the charges. The plaintiff then brought this section 1983 action.
 
 
 4
 It is the plaintiff's position that the district court erred in dismissing the complaint on statute of limitations grounds because plaintiff's section 1983 claim did not accrue until the district court's entry of this final order vacating the conviction.
 
 
 5
 The limitations period for bringing a section 1983 claim, which is governed by state law, is one year in Kentucky, pursuant to Ky.Rev.Stat. Sec. 413.140(1)(a). Vandiver v. Hardin County Board of Educ., 925 F.2d 927, 930 (6th Cir.1991). However, federal law determines when a section 1983 cause of action accrues. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). Under federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 273.
 
 
 6
 Accordingly, we agree with the district court that the plaintiff's cause of action is time-barred. His claim accrued no later than February 8, 1988, when admittedly he learned at his suppression hearing of the defendant's misrepresentation. The plaintiff's complaint was filed more than four years after this date; more than three years after the limitations period had run.
 
 
 7
 The order of the district court is AFFIRMED.